UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPLIANCE SERVICES OF AMERICA, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>HOUSER HOLDINGS, LLC, et al.,<br><br>    Defendants. | Case No. 13-cv-01269-JST<br><br>**ORDER SEALING COUNTERCLAIM, GRANTING REQUEST TO FILE REDACTED COUNTERCLAIM**<br><br>Re: ECF No. 44 |

The parties jointly move to seal the dismissed Counterclaim of Theresa Thurman, filed August 13, 2011, ECF No. 22-1, or, in the alternative, to seal the original Counterclaim and file a redacted version of the Counterclaim, which redacts paragraphs 26, 48, 54, 62, 66–68, 71, 78, 84, 92, 210, 211, and 225–227. Mot., ECF No. 44. For the reasons discussed below, the Court will seal the Counterclaim and order the redacted Counterclaim to be filed.

**I.    LEGAL STANDARD**

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotation marks omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that

allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. When a party seeks to file materials in connection with a dispositive motion, the presumption can be overcome only if the party presents "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d 1172 at 1178-79 (internal citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. at 1179.

On the other hand, when a party seeks to file previously sealed discovery materials in connection with a non-dispositive motion, the sealing party need not meet the 'compelling reasons' standard "because those documents are often unrelated, or only tangentially related, to the underlying cause of action." Id. at 1179 (citation and internal quotation marks omitted). In that case, a party need only make a "particularized showing under the good cause standard of Rule 26(c)" to justify the sealing of the materials. Id. at 1180 (internal citation and internal quotation marks omitted). A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011) cert. denied, 132 S. Ct. 2374 (U.S. 2012).

**II.    DISCUSSION**

The parties' stipulation states that the Counterclaim filed by Theresa Thurman, which was voluntarily dismissed on October 8, 2013, ECF No. 35, contained false allegations that were not approved by Defendant Thurman as well as claims that Thurman concedes lack factual and legal support. In addition, the parties state that the relevant paragraphs of the Counterclaim contain allegations that are "scandalous and libelous." The parties have since reached a settlement in

principle, a condition of which is their joint request to seal the Counterclaim or, in the alternative, the relevant paragraphs.

The Court has reviewed the designated paragraphs of the now-stricken Counterclaim, and finds that the interests of the public in understanding the judicial process are outweighed by "compelling reasons" in favor of sealing, namely, the potential for improper use of the relevant paragraphs for scandalous or libelous purposes, and the fact that the allegations were not made with Defendant Thurman's approval.

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART the joint request as follows:

1. The Clerk of Court shall seal the dismissed Counterclaim, ECF No. 22-1, in its entirety.

2. The parties shall file in the public record the redacted version of the original Counterclaim attached to their request as Exhibit A, ECF No. 44 at 6–42.

The Court notes that the parties have not requested the sealing of Defendant Thurman's First Amended Counterclaim, filed August 23, 2013, ECF No. 24, although it appears to contain some of the same material the parties seek to seal in the original Counterclaim. The parties may file a separate request regarding the sealing of the First Amended Counterclaim for the Court's consideration.

**IT IS SO ORDERED**.

Dated: April 9, 2014

 JON S. TIGAR
 United States District Judge